UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-266 |
| ANTHONY R. THOMAS | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is Defendant Anthony R. Thomas's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On October 4, 2012, Anthony R. Thomas (hereinafter "Thomas") was charged in a twenty-seven count indictment.[3] On March 12, 2014, Thomas pleaded guilty to Counts 1 through 9 of a Superseding Bill of Information. Specifically, Thomas pleaded guilty to Conspiracy to Commit Arson (Count 1); Conspiracy to Commit Mail and Wire Fraud (Count 2); Wire Fraud (Counts 3–5); Arson (Count 6); Use of Fire to Commit a Felony (Count 7); Arson (Count 8); and False Statement (Count 9).[4] On March 4, 2015, Thomas was sentenced to 204 months in prison: 84 months as to Counts 1 through 6 and 8, and 60 months as to Count 9, to be served concurrently, and 120 months as to Count 7, to be served consecutively to all other counts.[5]

---

[1] R. Doc. 316.
[2] R. Doc. 319.
[3] R. Doc. 1-3.
[4] R. Doc. 319 at 2; R. Doc. 276 at 6.
[5] R. Doc. 225 at 2.

1

Thomas filed a direct appeal with the Fifth Circuit.[6] On April 11, 2016, the Fifth Circuit affirmed the judgment of conviction on the grounds that Thomas's appeal was frivolous.[7] On April 4, 2017, Thomas, proceeding *pro se*, filed his motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255.[8] In his motion, Thomas argues five grounds exist to warrant a vacatur of his sentence based on claims that his counsel was ineffective. Thomas argues that: (1) his trial counsel failed to properly investigate facts of the case;[9] (2) his trial counsel failed to properly advise him of the consequences of pleading guilty;[10] (3) his trial counsel failed to introduce readily available evidence showing his diminished mental state;[11] (4) his trial counsel failed to raise his diminished mental state in an objection to the Pre-sentence Investigation Report ("PSR") or at sentencing;[12] and (5) his appellate counsel failed to answer or timely produce case records in response to his requests, diminishing his ability to provide a detailed documentation of the grounds for his instant motion to vacate, set aside, or correct sentence.[13]

In its Opposition, the Government argues Thomas's Section 2225 petition fails to state a claim for relief on the basis of ineffective counsel because (1) Thomas's first and second grounds are refuted by his sworn statements at his plea hearing; (2) Thomas's third and fourth grounds are refuted by the PSR; and (3) Thomas's fifth ground is vague, unsupported by specifics, and conclusory.[14]

---

[6] *United States v. Thomas*, 642 F. App'x 336, 337 (5th Cir. 2016); R. Doc. 316 at 2.
[7] *Id.* at 336–37.
[8] R. Doc. 316.
[9] *Id.* at 4.
[10] *Id.* at 5.
[11] *Id.* at 7.
[12] *Id.* at 8.
[13] *Id.* at 10.
[14] *See* R. Doc. 319.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[15] Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[16] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[17]

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must examine a Section 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[18] If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[19] Should the Court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized.[20] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[21] An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show

---

[15] 28 U.S.C. § 2255(a) (2008).
[16] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).
[17] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).
[18] Rules Governing Section 2255 4(b).
[19] *Id.*
[20] Rules Governing Section 2255 6–7.
[21] Rules Governing Section 2255 8.

3

that the prisoner is entitled to no relief."[22] Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of his allegations."[23]

As stated by Judge Vance in *Caston*:

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. For certain "structural" errors, relief follows automatically once the error is proved. For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence [his] or grant a new trial or correct the sentence as may be appropriate.[24]

## **LAW AND ANALYSIS**

Thomas moves to vacate, set aside, or correct his sentence for the following reasons: (1) his trial counsel failed to properly investigate facts of the case;[25] (2) his trial counsel failed to properly advise him of the consequences of pleading guilty;[26] (3) his trial counsel failed to introduce readily available evidence showing his diminished mental state;[27] (4) his trial counsel failed to raise his diminished mental state in an objection to the PSR or at sentencing;[28] and (5) his appellate counsel failed to answer or timely produce case records in response to his requests, diminishing his ability to provide a detailed documentation of the grounds for his instant motion to vacate, set aside, or correct sentence.[29]

---

[22] 28 U.S.C. § 2255(b).
[23] *United States v. Balderas*, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[24] *Caston*, 2013 WL 3933400 at *2.
[25] *Id*. at 4.
[26] *Id*. at 5.
[27] *Id*. at 7.
[28] *Id*. at 8.
[29] *Id*. at 10.

4

The Fifth Circuit has explained that "[i]n a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof."[30] Further, to prove a valid claim for ineffective assistance of counsel, the petitioner must demonstrate both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a result, Thomas must show that: (1) his counsel's performance was deficient and (2) his counsel's deficient performance prejudiced his defense.[31]

In *Strickland*, the Supreme Court explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.[32]

As a result, district courts should "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy."[33] With respect to a habeas petition alleging ineffective performance at sentencing, the Fifth Circuit has explained that *Strickland*'s deficiency prong is met when counsel fails to "research facts and law and raise meritorious arguments based on controlling precedent."[34]

With respect to the second prong of the *Strickland* test, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional

---

[30] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994)).
[31] *See Strickland*, 466 U.S. at 687.
[32] *Id.* at 689.
[33] *Id.* (citation and internal quotation marks omitted).
[34] *United States v. Fields*, 565 .3d 290, 296 (5th Cir. 2009) (citing *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).

5

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[35] To establish prejudice in a case involving a guilty plea, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[36]

In *Armstead v. Scott*, the Fifth Circuit explained that a petitioner must do more than merely allege prejudice: "[A] defendant must 'affirmatively prove' prejudice. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test. A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty, but would have insisted upon going to trial."[37]

As the Supreme Court explained in *Strickland*, if the Court finds that the petitioner has made an insufficient showing with respect to either of the two required prongs, the Court may dispose of the claim.[38] Further, the Supreme Court advised that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of insufficient prejudice, which we expect will often be so, that course should be followed."[39]

I. **Thomas's First and Second Grounds are Foreclosed by His Sworn Statements at His Plea Hearing**

Thomas argues his trial counsel failed to properly investigate the facts of his case and failed to properly advise him of the consequences of pleading guilty.[40] Thomas's assertion contradicts his sworn testimony during his plea hearing.[41] The Fifth Circuit has

---

[35] *Strickland*, 466 U.S. at 694.
[36] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[37] 37 F.3d 202, 206 (5th Cir. 1994) (internal citations omitted).
[38] *Strickland*, 466 U.S. at 697.
[39] *Id.*
[40] R. Doc. 316 at 4, 6.
[41] *See* R. Doc. 276.

6

held "[s]olemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings."[42] As a result, "[i]nmates who challenge their guilty pleas on collateral review must overcome [the] 'strong presumption of verity' accorded 'solemn declarations' made in open court."[43]

Even if counsel "rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary."[44] Thomas's own sworn statements at his plea hearings refute his arguments that his attorney failed to investigate the facts of his case or properly advise him of the consequences of pleading guilty. First, Thomas stated he was satisfied with the services of his attorney. Specifically, Thomas testified:

> THE COURT: Have you had sufficient time to discuss with your attorney the facts of your case and any possible defenses you may have?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Are you entirely satisfied with the advice and services of your attorney?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you wish to ask or have your attorney ask the US attorney any questions at this time about any of the things we've discussed today?
>
> THE DEFENDANT: No, ma'am.[45]

Further, at his plea hearing, Thomas stated he was pleading guilty voluntarily, and understood the consequences of pleading guilty. Specifically, Thomas testified:

---

[42] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)) (internal quotation marks omitted).
[43] *Akpan v. United States*, No. 3:04-CR-36-L, 2013 WL 3289237, at *8 (N.D. Tex. June 28, 2013) (quoting *Blackledge*, 431 U.S. at 73–74 (1977)).
[44] *Gallow v. Cooper*, 505 F. App'x 285, 294 (5th Cir. 2012) (quoting *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994)).
[45] R. Doc. 276 at 27–28.

7

>THE COURT: Do you fully understand the consequences of your guilty plea?
>
>MR. THOMAS: Yes, ma'am.
>
>THE COURT: Are you pleading guilty because you are in fact guilty?
>
>THE DEFENDANT: Yes ma'am.
>
>THE COURT: Are you pleading guilty voluntary and of your own free will?
>
>MR. THOMAS: Yes, ma'am.[46]

Thomas's sworn declarations at his plea hearing contradict his ineffective assistance of counsel claim that his counsel failed to properly investigate the facts of the case and failed to advise him of the consequences of pleading guilty. Accordingly, Thomas's first and second grounds for his ineffective assistance of counsel claim do not provide a basis for relief under the *Strickland* standard.

II. **Thomas's Third and Fourth Grounds are Refuted by the Record**

Thomas contends his trial counsel failed to introduce readily available evidence showing Thomas's diminished mental state and failed to raise his diminished mental state in the PSR or at sentencing.[47] The PSR specifically addresses Thomas's mental health history, and includes his most recent psychological evaluation.[48] Additionally, Thomas has not pointed to other readily available evidence regarding his diminished mental state that trial counsel failed to introduce. Accordingly, Thomas's third and fourth grounds for his ineffective assistance of counsel claim do not provide a basis for relief under the *Strickland* standard.

---

[46] *Id.* at 29–29.
[47] R. Doc. 316 at 7.
[48] R. Doc. 193 at 23–24, ¶¶ 122–23. *See Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Wedster v. Estelle*, 505 F.2d 926, 929–30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

III. **<u>Thomas' Fifth Ground is Vague and Unsupported by Specifics</u>**

Thomas's final ground for asserting an ineffective assistance of counsel claim is that his appellate counsel failed to respond to Thomas's request and failed to timely produce case records to him, which hampered his ability to provide a detailed documentation of the grounds for his instant motion to vacate, set aside, or correct sentence.[49] Thomas, however, has not presented any factual basis for this assertion.[50] In *Blackledge v. Allison*, the Supreme Court held that vague, conclusory allegations unsupported by specifics cannot sustain a Section 2255 claim, especially when the allegations are contradictory to the record.[51] The Fifth Circuit has repeatedly denied claims for ineffective assistance of counsel based on conclusory allegations.[52] Thomas has failed to provide the Court with any factual basis that his appellate counsel failed to timely respond to his requests or failed to produce requested documents to him. As a result, Thomas has failed to provide a factual basis for his allegation that his appellate counsel's

---

[49] R. Doc. 316 at 10.

[50] Thomas filed a bare-bones petition under Section 2255, and although he references an attached memorandum, no such memorandum was attached to the petition. *See, e.g.*, R. Doc. 316 at 5. A petition brought under Section 2255 must: (1) specify all the grounds for relief; (2) state the facts supporting each ground; and (3) state the relief requested, among other things. R. Gov. § 2255 P. 2(b). Petitions should be denied without further inquiry if the motion, attached exhibits, and record documents conclusively show that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b). Thomas fails to provide a factual basis supporting his grounds for relief, and therefore his petition fails to state a claim for relief cognizable under Section 2255.

[51] 432 U.S. at 74 ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (citations omitted).

[52] *See, e.g.*, *Baxter v. Quarterman*, 270 F. App'x 313, 314 (5th Cir. 2008) ("Conclusional allegations of ineffective assistance of counsel are insufficient to establish the petitioner's right to habeas relief."); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984) ("One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements and conclusionary charges will not suffice. The particular professional failure must be pled and proven.").

performance was deficient or that he suffered any resulting prejudice, as required by *Strickland*.[53]

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Anthony R. Thomas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence[54] is **DENIED**.

**New Orleans, Louisiana, this 13th day of June, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[53] *Strickland*, 466 U.S. at 687.
[54] R. Doc. 316.