UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-266 |
| ANTHONY THOMAS | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Defendant Anthony Thomas's Motion for Reduction of Sentence.[1] For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

On October 4, 2012, Thomas was charged in a twenty-nine-count indictment related to his role in a scheme to commit arson and collect insurance policies on the affected properties.[2] On March 12, 2014, Thomas pleaded guilty pursuant to a plea agreement to Counts 1 through 9 of a Superseding Bill of Information.[3] Specifically, Thomas pleaded guilty to Conspiracy to Commit Arson (Count 1); Conspiracy to Commit Mail and Wire Fraud (Count 2); Wire Fraud (Counts 3–5); Arson (Count 6); Use of Fire to Commit a Felony (Count 7); Arson (Count 8); and False Statement (Count 9).[4] On March 4, 2015, the Court sentenced Thomas to 204 months in prison: 84 months as to Counts 1 through 6 and 8, and 60 months as to Count 9, to be served concurrently, and 120 months as to Count 7, to be served consecutively to all other counts.[5]

---

[1] R. Doc. 336.
[2] R. Doc. 1-3.
[3] R. Docs. 94, 102, 104.
[4] R. Docs. 94, 102.
[5] R. Docs. 224, 225.

1

On April 1, 2015, Thomas filed a direct appeal with the Fifth Circuit.[6] On April 11, 2016, the Fifth Circuit affirmed the judgment of conviction on the grounds that Thomas's appeal was frivolous.[7] On April 4, 2017, Thomas, proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255,[8] which the Court denied.[9]

## ANALYSIS

In this motion, Thomas moves the Court to reduce or alter the terms of his sentence on the grounds that he has been rehabilitated.[10] The Court finds that such relief is unavailable.

This Court does not have the authority to modify Defendant's sentence. Defendant fashions the motion as a "Motion for Reduction of Sentence" but this is not a cognizable procedure for obtaining post-judgment relief. The Fifth Circuit has explained that a district court has limited authority to modify or correct a sentence:

> 18 U.S.C. § 3582(b) authorizes the district court to modify a previously imposed sentence in a limited number of circumstances, such as: (1) when the court receives a motion from the Director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.[11]

---

[6] R. Doc. 250; *see United States v. Thomas*, 642 F. App'x 336, 337 (5th Cir. 2016).
[7] R. Doc. 310.
[8] R. Doc. 316.
[9] R. Doc. 323.
[10] R. Doc. 336 at 1–2.
[11] *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).

None of these limited circumstances applies in this case. The Director of the Bureau of Prisons has not moved to modify the Defendant's term of imprisonment. As a result, the Defendant is unable to seek relief pursuant to 18 U.S.C. § 3582(c)(2). Nor has the Defendant alleged an "arithmetical, technical, or other clear error" by the district court sufficient to seek relief under Rule 35.[12] Finally, the Defendant was given a within Guidelines range sentence pursuant to his plea agreement, and the applicable sentencing range has not been lowered.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Anthony Thomas's Motion to Reduce His Sentence[13] is **DENIED**.

**New Orleans, Louisiana, this 16th day of February, 2018.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] FED. R. CRIM. P. 35.
[13] R. Doc. 336.