UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-266 |
| ANTHONY R. THOMAS | SECTION E (2) |

### ORDER AND REASONS

Before the Court is a Motion to Reduce or Modify or Vacate Sentence Pursuant to Holloway Doctrine filed by Defendant Anthony Thomas.[1] The Government opposes this motion.[2] For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

On October 4, 2012, Defendant was charged in a twenty-nine-count indictment related to his role in a scheme to commit arson and collect insurance policies on the affected properties.[3] On March 12, 2014, Defendant pleaded guilty pursuant to a plea agreement to Counts 1 through 9 of a Superseding Bill of Information.[4] Specifically, Defendant pleaded guilty to Conspiracy to Commit Arson (Count 1); Conspiracy to Commit Mail and Wire Fraud (Count 2); Wire Fraud (Counts 3–5); Arson (Count 6); Use of Fire to Commit a Felony (Count 7); Arson (Count 8); and False Statement (Count 9).[5] On March 4, 2015, the Court sentenced Defendant to 204 months in prison: 84 months as to Counts 1 through 6 and 8, and 60 months as to Count 9, to be served concurrently, and 120 months as to Count 7, to be served consecutively to all other counts.[6]

---

[1] R. Doc. 343.
[2] R. Doc. 345.
[3] R. Doc. 1-3.
[4] R. Docs. 94, 102, 104.
[5] R. Docs. 94, 102.
[6] R. Docs. 224, 225.

1

On April 1, 2015, Defendant filed a direct appeal with the Fifth Circuit.[7] On April 11, 2016, the Fifth Circuit affirmed the judgment of conviction on the grounds that Defendant's appeal was frivolous.[8] On April 4, 2017, Defendant, proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255,[9] which the Court denied.[10] On February 2, 2018, Defendant filed a motion to reduce his sentence on the grounds that he has been rehabilitated,[11] which the Court also denied.[12]

On June 17, 2019, Defendant filed the instant motion.[13] Defendant seeks from this Court "an 'order' respectfully requesting the prosecutor in [this] case, Mark Miller[,] to exercise his discretion to agree to reduce or modify Movant's sentence pursuant to an 'order' vacating Movant's convictions under the respective statutes, 18 U.S.C. 2; 18 U.S.C. 844(h), (i) 2; 18 U.S.C. 844(i) and 2; 18 U.S.C. 844(n); 18 U.S.C. 1001, and 18 U.S.C. 1349, 'so he [can] face a more just sentencing.'"[14] Defendant argues the Court has authority to grant his requested relief pursuant to the "Holloway Doctrine."[15] The Government responds: "there is no legal basis authorizing any reduction in Anthony Thomas' sentence."[16] Specifically, the Government argues: (1) Defendant's sentence cannot be reduced under 18 U.S.C. § 3582(c)(2) and (2) the so-called "Holloway Doctrine" does not exist and *United States v. Holloway* "provides no legal authority to reduce Thomas' sentence."[17]

---

[7] R. Doc. 250; *see United States v. Thomas*, 642 F. App'x 336, 337 (5th Cir. 2016).
[8] R. Doc. 310.
[9] R. Doc. 316.
[10] R. Doc. 323.
[11] R. Doc. 336.
[12] R. Doc. 337.
[13] R. Doc. 343.
[14] *Id.* at 1 (citing *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D. N.Y. July 28, 2014)).
[15] *See id.*
[16] R. Doc. 345 at 1.
[17] *Id.* at 2-4.

## **LAW AND ANALYSIS**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[18] These limited circumstances are addressed in 18 U.S.C. § 3582(b), which provides:

> Notwithstanding the fact that a sentence to imprisonment can subsequently be—
>
> > (1) modified pursuant to the provisions of subsection (c);
> >
> > (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
> >
> > (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.[19]

In this case, Defendant does not allege any of the limited exceptions under § 3582(b) are applicable. Instead, Defendant argues he is entitled to a reduction or modification of his sentence pursuant to the "Holloway Doctrine."

The "Holloway Doctrine" derives from a district court decision in the Eastern District of New York, *United States v. Holloway*. In that case, a defendant, whose conviction was affirmed and subsequent motion for habeas corpus relief under 28 U.S.C. § 2255 was denied, filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure to reopen his § 2255 proceeding.[20] In response, the Eastern District of New York district court judge issued an order stating: "I respectfully request that the United States Attorney consider exercising her discretion to agree to an order vacating two or more of [the

---

[18] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original)).
[19] 18 U.S.C. § 3582(b).
[20] 68 F. Supp. at 312-14.

defendant's] 18 U.S.C. § 924(c) convictions."[21] The Assistant United States Attorney ["AUSA"] declined to do so.[22] The district judge again "asked the United States Attorney to reconsider exercising her discretion to agree to an order vacating two or more of [the defendant's] § 924(c) convictions so he could face a more just resentencing."[23] In a subsequent court appearance, the AUSA agreed "to withdraw our opposition to the pending Rule 60(b) motion, and also to state on the record that we wouldn't oppose the granting of the underlying 2255 motion for the purpose of vesting the court with authority to vacate two of the 924(c) convictions, and to proceed to resentence."[24] The AUSA made clear that her actions were made "without taking a position on the merits of either the Rule 60 motion or the habeas petition" and further "that the United States Attorney's position in this case shouldn't be interpreted as reflecting a broader view of Section 924(c) generally or its application to other cases."[25] The district court itself acknowledged the modification of the defendant's sentence was a product of the prosecutor's discretion, and not any inherent authority of the court:

> The use of this [prosecutorial] power poses no threat to the rule of finality, which serves important purposes in our system of justice. There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly.[26]

The Fifth Circuit has clearly held: "*Holloway* is not binding on this court[.]"[27] Other district courts in this circuit have likewise rejected the notion that *Holloway* is

---

[21] *Id.* at 314.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 315.
[25] *Id.* at 316.
[26] *Id.* ("the government's agreement . . . has authorized me to give Holloway back more than 30 years of his life.").
[27] *United States v. Frank*, 738 F. App'x 330, 331 (5th Cir. 2018).

4

binding in this Circuit, much less a legal "doctrine" at all. For instance, in *United States v. McBride*, the Eastern District of Texas denied a defendant's motion to reduce his sentence under the "Holloway Doctrine," explaining: "[t]he *Holloway* case does not present a specific doctrine but only an example of leniency previously granted."[28] In *United States v. Green*, the Western District of Louisiana denied a similar motion, holding: "[a]s a decision from the Eastern District New York, *Holloway* has no binding effect on this court. Furthermore, that decision 'did not conclude or even suggest that [the court has] unilateral discretion to reduce the defendant's sentence.'"[29] "'Rather, it was the Government's decision to not oppose Holloway's motion . . . that permitted the [c]ourt to address the perceived injustice.'"[30] Further, in *United States v. Terrell*, the Middle District of Louisiana, in denying a similar motion, explained:

> '[I]nsofar as Petitioner suggests that the 'Holloway doctrine' grants courts broad residual power to reduce a sentence, neither the United States Supreme Court nor the United States Court of Appeals for the Fifth Circuit have ascribed to such a conclusion . . . Thus, . . . *Holloway* is neither binding nor persuasive, or for that matter, particularly instructive. Certainly, it was not intended to be doctrinal.'[31]

In any event, as the district court itself recognized in *Holloway*, "the authority exercised" in *Holloway* to reduce a defendant's final sentence was a decision by the prosecutor not to oppose the defendant's motion.[32] In this case, the Government has made clear it "does not agree with Thomas and does not consent to a reduction in his sentence."[33]

---

[28] Case no. 1:96-CR-101(1)(RC/ZJH), 2016 WL 11372247, at *2 (E.D. Tex. Mar. 4, 2016).
[29] Case no. 2:04-cr-20152, 2017 WL 6395818, at *2 (W.D. La. Oct. 11, 2017) (quoting *United States v. Ledezma-Rodriguez*, 2017 WL 1368983, *2 (S.D. Iowa Apr. 10, 2017)).
[30] *Id.* at *2 n.3 (quoting *United States v. Robinson*, 2017 WL 3434289, *4 (D. Md. Aug. 9, 2017) (brackets and ellipses in original)).
[31] Criminal Action no. 14-50-SDD-RLB, 2017 WL 4176231, at *2 (M.D. La. Sept. 21, 2017) (quoting *Setser v. United States*, No. 17-cv-0970-M-BK, 2017 WL 2817429 at *2 (N.D. Tex. June 10, 2017)).
[32] *Holloway*, 68 F. Supp. at 316.
[33] R. Doc. 345 at 5.

*Holloway* is neither binding, persuasive, doctrinal, or particularly instructive in this matter. Further, Defendant has failed to identify any statutory authority for a sentence reduction, and this Court lacks jurisdiction to modify Defendant's sentence under 18 U.S.C. § 3582(b). Accordingly, Defendant is not entitled to the relief he seeks.

## CONCLUSION

Defendant's Motion to Reduce or Modify or Vacate Sentence Pursuant to Holloway Doctrine[34] is **DENIED**.

**New Orleans, Louisiana, this 9th day of September, 2019.**

                                                    *_____*
                                                    **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. 343.