UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-266 |
| ANTHONY R. THOMAS | SECTION E (2) |

## ORDER AND REASONS

Before the Court is a Motion for Compassionate Release[1] and a Motion for Sentence Reduction,[2] both filed by Petitioner Anthony Thomas, which the United States of America ("Government") opposes. For the reasons that follow, both motions are **DENIED**.

## BACKGROUND

On October 4, 2012, Petitioner Anthony Thomas was charged in a twenty-nine-count indictment related to his role in a scheme to commit arson and collect proceeds from insurance policies covering the affected properties.[3] On March 12, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to the following Counts contained in a Superseding Bill of Information: (1) conspiracy to commit arson (Count 1); (2) conspiracy to commit mail and wire fraud (Count 2); (3) wire fraud (Counts 3, 4, and 5); (3) arson (Count 6); (4) use of fire to commit a felony (Count 7); (5) arson (Count 8); and (6) false statement (Count 9).[4] On March 4, 2015, the Court sentenced Petitioner to 204

---

[1] R. Doc. 360.
[2] R. Doc. 356.
[3] R. Doc. 1-3.
[4] R. Docs. 94, 102, 104.

months (17 years) in prison.[5] Petitioner "is currently housed at Yazzo City Low FCI, with a projected release date of April 6, 2027."[6]

On March 24, 2022, Petitioner filed the instant Motion for Sentence Reduction.[7] Less than two months later, on April 11, 2022, Petitioner filed the instant Motion for Compassionate Release.[8] The Government filed an opposition to Petitioner's Motion for Sentence Reduction on April 20, 2022,[9] and an opposition to Petitioner's Motion for Compassionate Release on May 16, 2022.[10] Before the Government filed its May 16, 2022 opposition, on May 9, 2022, Petitioner filed a reply in his support of his Motion for Compassionate Release.[11] On July 19, 2022, and November 7, 2022, letters from Petitioner mailed this Court were filed on the record.[12]

Petitioner's Motion for Sentence Reduction and Motion for Compassionate request a reduced sentence on account of the allegedly heightened risk posed to Petitioner by

---

[5] In terms of the specific breakdown, the Court sentenced Petitioner to 84 months of imprisonment as to Counts 1 through 6 and 8, 60 months of imprisonment on Count 9, to be served concurrently, and 120 months of imprisonment as to Count 7, to be served consecutively to all other counts. *See* R. Docs. 225, 225.
[6] R. Doc. 365 at p. 2.
[7] R. Doc. 356.
[8] R. Doc. 360.
[9] R. Doc. 361.
[10] R. Doc. 365.
[11] R. Doc. 364.
[12] R. Doc. 369; *see also* R. Doc. 370. In these letters, Petitioner raises "questions about whether [his] crime is appropriately classified as a crime of violence" and requests the Court to "issue an order lifting [his] designation as a violent offender or at the very least please consider th[e] letter in conjunction with [his] pending compassionate release motion" because "[t]hat way [he] would be eligible for a better institution where [his] medical needs would be properly addressed." R. Doc. 370 at pp. 1, 3; *see also* R. Doc. 369 at p. 1. First, whether Petitioner's crimes are crimes of violence is not relevant to determining whether his stated medical ailments constitute extraordinary and compelling reasons for a sentence reduction. Second, the Court has not "designat[ed] [Petitioner] as a violent offender." Third, the Bureau of Prisons' ("BOP") policies and procedures for designating and transferring inmates are set forth in the *Inmate Security Designation and Custody Classification Manual*. On the basis of the BOP's security and custody classification decision, the BOP decides an inmate's institution designation. Courts have held that the BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP. *See Moody v. Daggett*, 429 U.S. 78, 97. S.Ct. 274, 50 L.Ed.2d 236 (1976). An inmate may challenge the BOP's custody classification decision. *See, e.g., Fields v. Warden of Federal Correctional Institution-Bennettsville*, Civ. A. 20-1101, 2020 WL 8620171 (D. South Carolina 12/21/2020). Here, the Petitioner does not reference or detail in any specific way his BOP custody classification. For these reasons, the Petitioner's request is **DENIED**.

2

COVID-19 while incarcerated.[13] In his Motion for Sentence Reduction, Petitioner alleges "[he] caught COVID-19 last year, while [he] was at Coleman. And against at Yazoo City, which had the highest infection rate then the other institution in the FBOP."[14] Petitioner also alleges he has "been a model inmate" and "has a large support system of family and friends."[15]

Petitioner's Motion for Compassionate Release moves the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[16] Petitioner alleges "there is not any testing for COVID-19 as to date of this motion, even last month (February) the hundred of [] inmates that were found positive for COVID-19 never got re-tested before they were let back into general population from quarantine. This is the threat Mr. Thomas faces everyday incarcerated."[17] Petitioner argues 18 U.S.C. § 3582(c)(1)(A) authorizes this Court to grant his Motion for Compassionate Release because "extraordinary and compelling reasons" for his release exist in this case.[18] Specifically, Petitioner points to several alleged medical conditions—(1) high blood pressure, (2) liver-related issues, (3) high cholesterol, (4) digestive system-related disorder, (5) "unsure prognosis of suspected cancer of prostate which he is currently taking medication,"[19] and (6) obesity and physical inactivity[20]—as placing him at higher risk for grave or fatal outcomes should Petitioner contract COVID-19 while incarcerated.

---

[13] *See generally* R. Doc. 356.
[14] *Id.*
[15] R. Doc. 356 at p. 1.
[16] *See* R. Doc. 360 at p. 1.
[17] *Id.*
[18] *Id.* at p. 2.
[19] *Id.* at p. 3.
[20] R. Doc. 364 at p. 2.

3

In its oppositions to Petitioner's motions, the Government argues Petitioner is ineligible for release under 18 U.S.C. § 3582(c)(1)(A) because his medical conditions do not fit the statute's criteria and because the Petitioner failed to demonstrate that he is no longer a danger to the community.[21]

Because Petitioner's Motion for Sentence Reduction and Motion for Compassionate Release raise the same arguments and request identical relief, the Court will address both at the same time.

## LAW AND ANALYSIS

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[22] Relevant to this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if "extraordinary and compelling reasons warrant such a reduction."[23]

Courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met.[24] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[25] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant. The Petitioner and the Government represent Petitioner "has exhausted his

---

[21] *See* R. Doc. 364, 365.
[22] 18 U.S.C. § 3582(c).
[23] *Id.* § 3582(c)(1)(A).
[24] *See id.*
[25] *Id.*

4

administrative remedies."²⁶ Accordingly, the Court assumes Petitioner has properly exhausted his administrative remedies, and the Court will proceed to evaluating Petitioner's request for compassionate release on the merits.

Pursuant to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."²⁷ The Sentencing Commission's policy statement on compassionate release sets forth three specific bases that are considered "extraordinary and compelling," as well as a catchall category for "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstance.²⁸ As relevant in this case, the policy statement provides certain medical conditions may present "extraordinary and compelling" reasons warranting a reduction in a prisoner's sentence:

> (A) Medical Condition of the Defendant.—

---

²⁶ R. Doc. 365 at p. 1.
²⁷ 18 U.S.C. § 3582(c)(1)(A)(i).
²⁸ U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018). The Court notes this policy statement has not been amended since the First Step Act, and some of it now clearly contradicts 18 U.S.C. § 3582(c)(1)(A). Although the First Step Act amended § 3582(c) to allow a defendant, not just BOP, to bring a motion that extraordinary and compelling reasons warrant a reduction in the defendant's sentence, U.S.S.G § 1B1.13 cmt. n.1(D), the "catchall" provision, still only permits BOP to determine what constitutes "extraordinary and compelling reason[s]." *See, e.g., United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director."). As a result, there is some dispute as to which, if any, policy and program statements should apply. *See, e.g., United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). In light of this conflict, some courts have held: "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may constitute 'extraordinary and compelling.'" *Brown*, 2019 WL 4942051, at *3. The Court need not weigh in on this conflict in order to resolve the instant Motion for Compassionate Release. For the reasons discussed below, even if the Court, not just BOP, can consider which additional circumstances constitute "extraordinary and compelling" circumstances under the catchall provision, Petitioner is nevertheless still not entitled to compassionate release.

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[29]

Petitioner bears the burden of establishing circumstances exist under which he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[30]

Petitioner has failed to establish his alleged conditions of (1) high blood pressure, (2) liver-related issues, (3) high cholesterol, (4) digestive system-related disorder, (5) "unsure prognosis of suspected cancer of prostate which he is currently taking medication,"[31] and (6) obesity and physical inactivity[32] qualify under either category of "medical condition" such that they constitute an "extraordinary and compelling" reason for a reduction in sentence.

---

[29] U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii).
[30] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").
[31] R. Doc. 360 at p. 3.
[32] R. Doc. 364 at p. 2.

Under the policy statement's first category, the petitioner must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)."[33] "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."[34] While Petitioner does allege he has an "unsure prognosis of suspected cancer of prostate,"[35] the medical records submitted by the Government merely indicate Petitioner has an "enlarged prostate with lower urinary tract symptoms."[36] Of his other alleged conditions,[37] they do not constitute terminal illnesses and are not on par with the examples of "serious and advanced illness[es]" listed in the policy statement.[38] Indeed, the Fifth Circuit has recognized, due to its prevalence, obesity (either alone or paired with other medical conditions) is not an "extraordinary" circumstance justifying compassionate release.[39] And, the Fifth Circuit has held an individual's "hypertension [or] other conditions that are managed effectively by medication" do not constitute "extraordinary and compelling reasons warranting compassionate release."[40]

Under the second category of the policy statement, the defendant must suffer from a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[41] Petitioner does not allege, nor is there any evidence to show, he is

---

[33] U.S.S.G. § 1B1.13, cmt. n.1(A)(i).
[34] *Id.*
[35] R. Doc. 360 at p. 3.
[36] R. Doc. 352 at pp. 5, 32, 60, 72, 75, 79.
[37] Again, these are high blood pressure, liver-related issues, high cholesterol, digestive system-related disorder, obesity, and physical inactivity.
[38] *See, e.g.*, *United States v. Koons*, Criminal Action No. 16-214-05, 2020 WL 1940570, at *4. (W.D. La. Apr. 21, 2020) (holding generic conditions such as "hypertension" and "high cholesterol" are not on par with the terminal illnesses listed in U.S.S.G. § 1B1.13, cmt. n.1(A)(i)).
[39] *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021), *cert. denied*, 141 S. Ct. 2688 (2021).
[40] *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021).
[41] U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

unable to take care of himself due to his health conditions. And again, Petitioner does not allege, and has no evidence supporting a finding, that he is not expected to recover from his conditions.

Because Petitioner's health conditions do not qualify as the types of medical conditions constituting extraordinary and compelling reasons for a sentence reduction under the policy statement, Petitioner can only obtain compassionate release if the "catchall" provision is applicable. The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances. [42] In this case, Petitioner argues such extraordinary and compelling reasons are present because his health conditions render him susceptible to COVID-19.[43]

"General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." [44] However, multiple courts have found "extraordinary and compelling" reasons warranting a reduction in a petitioner's sentence if a petitioner has an underlying medical condition rendering him particularly susceptible to contracting COVID-19.[45] The Centers for Disease Control and Prevention ("CDC") has

---

[42] *Id.* § 1B1.13, cmt. n.1(D).
[43] Petitioner also alleges, if released, he plans on assuming the role of caretaker for his sister who has high blood pressure, high cholesterol, and a hip displacement. R. Doc. 360 at p. 5. The Sentence Commission outlines several situations where extraordinary and compelling reasons for sentence reduction exist, including "the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's partner, if the defendant would be the only available caregiver." U.S.S.G. § 1B1.13 cmt. n.1(C). While the Sentencing Commission mentions only a spouse or dependent children, the Court recognizes the existence of non-traditional family arrangements and the need for others in the family to contribute when a relative is sick. *See United States v. Reyes*, 2020 WL 1663129 (N.D. Ill. 4/3/2020). Be that as it may, Petitioner does not even allege, much less provide evidence to establish, that his sister is without a caretaker.
[44] *United States v. Wright*, Criminal Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020).
[45] *See, e.g.*, *United States v. Rodriguez*, Criminal Action No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (granting compassionate release to defendant who was "especially vulnerable" to COVID-19 due to his diagnoses of "[t]ype 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and 'abnormal liver enzymes in a pattern most consistent with non-alcoholic fatty

set forth the underlying medical conditions causing an individual to be considered high risk and particularly susceptible to contracting COVID-19.[46] These underlying medical conditions include moderate-to-severe asthma, chronic kidney disease being treated with dialysis, chronic lung disease, diabetes, hemoglobin disorders, liver disease, and conditions and treatments causing an individual to be immunocompromised, such as cancer treatment, bone marrow or organ transplantation, immune deficiencies, HIV with a low CD4 cell count, HIV without HIV treatment, and prolonged use of corticosteroids and other immune weakening medications.[47]

Petitioner has not presented evidence establishing that he possesses any of the aforementioned underlying medical conditions.[48] As a result, Petitioner has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19," which "do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement."[49] "[I]f general concerns about COVID-19 constituted extraordinary and compelling reasons, all incarcerated individuals would qualify for compassionate release."[50] Moreover, the Government has presented evidence establishing the Petitioner received the Moderna COVID-19 vaccine.[51] "[A]bsent

---

liver disease.'"); *United States v. Jepsen*, Civ. Action 19-73, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020) (granting compassionate release to defendant who "is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19"); *United States v. Muniz*, Criminal Action 09-199, 2020 WL 1540325, at *2 (S.D. Tex. March 30, 20120) (finding extraordinary and compelling circumstances because "[d]efendant has been diagnosed with serious medical conditions that, according to reports from the Center[s] for Disease Control, make him particularly vulnerable to severe illness from COVID-19 . . . includ[ing] inter alia, end stage renal disease, diabetes, and arterial hypertension.").

[46] *See* Ctr. for Disease Control and Prevention, "Groups at Higher Risk for Severe Illness," *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last revised May 14, 2020).
[47] *Id.*
[48] Petitioner alleges he has unspecified "liver related issues." *See* R. Doc. 360 at p. 3. Petitioner's medical records, however, do not reflect the existence of any liver disease. *See* R. Doc. 352.
[49] *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020).
[50] *United States v. Guyot*, 2021 WL 230251, at *3 (E.D. La. 1/22/2021) (Fallon, J.).
[51] R. Doc. 365 at p. 3; *see also* R. Doc. 366-1.

some shift in the scientific consensus, [Petitioner]'s vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."[52] Because Petitioner has failed to present any "extraordinary and compelling" reasons warranting a reduction in his sentence, he is not entitled to relief under § 3582.[53]

## CONCLUSION

**IT IS ORDERED** that the Motion for Compassionate Release[54] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Sentence Reduction[55] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order and Reasons by regular mail addressed to Petitioner at the following address:

Anthony R. Thomas, 32598-034
FCC Coleman Low, Unit B-4
C4 #39L
P. O. Box 1031
Coleman, FL 33521

**New Orleans, Louisiana, this 23rd day of January, 2023.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] *See, e.g., United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. 2/3/2021).
[53] Because the Court finds Petitioner has failed to present extraordinary and compelling reasoning warranting a sentence reduction, the Court does not decide whether Petitioner "is [] a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2) & cmt. n.4.
[54] R. Doc. 360.
[55] R. Doc. 356.