UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-266 |
| ANTHONY R. THOMAS | SECTION "E" (2) |

### ORDER AND REASONS

Before the Court is a Motion for Sentence Reduction[1] pursuant to 18 U.S.C. § 3582,[2] filed by Petitioner, Anthony Thomas. The United States of America ("Government") opposes the motion.[3] Petitioner filed a reply.[4] Petitioner then submitted two supplemental letters to the Court, docketed August 1, 2024[5] and December 30, 2024.[6]

### BACKGROUND

On October 4, 2012, Petitioner Anthony Thomas was charged in a twenty-nine-count indictment related to his role in a scheme to commit arson and collect proceeds from insurance policies covering the affected properties.[7] On March 12, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to the following Counts contained in a Superseding Bill of Information: (1) conspiracy to commit arson (Count 1); (2) conspiracy to commit mail and wire fraud (Count 2); (3) wire fraud (Counts 3, 4, and 5); (3) arson (Count 6); (4) use of fire to commit a felony (Count 7); (5) arson (Count 8); and

---

[1] R. Doc. 375.
[2] 18 U.S.C. § 3582.
[3] R. Doc. 381.
[4] R. Doc. 385.
[5] R. Doc. 387.
[6] R. Doc. 388.
[7] R. Doc. 1-3.

1

(6) false statement (Count 9).[8] On March 4, 2015, the Court sentenced Petitioner to 204 months (17 years) in prison.[9] Petitioner is currently housed at FCI Thomson Low.[10]

Petitioner has filed several motions challenging his sentence over the years. On April 24, 2017, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which this Court denied.[11] Petitioner filed his first motion to reduce his sentence on February 2, 2018, arguing he had been rehabilitated.[12] The Court, applying 18 U.S.C. § 3582, denied his motion.[13] Petitioner filed a second motion to "reduce or vacate his sentence pursuant to the Holloway Doctrine" on June 17, 2019.[14] The Court denied his motion on the basis that the Holloway Doctrine was inapplicable and the Court lacked jurisdiction to reduce petitioner's sentence under 18 U.S.C. § 3582.[15] On May 13, 2020, Kawanda Polk, on behalf of Petitioner, filed a motion for compassionate release, which the Court denied.[16]

On March 24, 2022, Petitioner filed a motion for sentence reduction,[17] followed by a motion for compassionate release on April 11, 2022.[18] In his motions, Petitioner requested a reduced sentence on account of his heightened risk of contracting COVID-19 due to several alleged medical conditions.[19] The Court denied the motions, finding that

---

[8] R. Docs. 94, 102, 104.
[9] In terms of the specific breakdown, the Court sentenced Petitioner to 84 months of imprisonment as to Counts 1 through 6 and 8, 60 months of imprisonment on Count 9, to be served concurrently, and 120 months of imprisonment as to Count 7, to be served consecutively to all other counts. *See* R. Doc. 225.
[10] R. Doc. 388.
[11] R. Doc. 316; R. Doc. 323.
[12] R. Doc. 336.
[13] R. Doc. 337.
[14] R. Doc. 343.
[15] R. Doc. 347.
[16] R. Doc. 349; R. Docs. 353, 355.
[17] R. Doc. 356.
[18] R. Doc. 360.
[19] Petitioner alleged he suffered from (1) high blood pressure, (2) liver-related issues, (3) high cholesterol, (4) digestive system-related disorder, (5) "unsure prognosis of suspected cancer of prostate which he is currently taking medication," and (6) obesity and physical inactivity. R. Doc. 364 at p. 2.

the alleged medical conditions did not qualify as "extraordinary and compelling reasons" to warrant a reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[20] On February 20, 2024, Petitioner filed a motion for a sentence reduction pursuant to Amendment 821,[21] which this Court transferred to the 821 Committee.[22] Adopting the recommendation of the 821 Committee, the Court denied the motion, finding Petitioner ineligible for a sentence reduction under the retroactive portions of the 821 Amendment.[23]

On March 20, 2024, Petitioner filed the instant Motion for Sentence Reduction, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and/or a sentence reduction for changes in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).[24] On April 30, 2024, the Government filed an opposition.[25] Petitioner filed a reply in support of his motion on July 5, 2024.[26] Petitioner additionally mailed letters to the Court, which

---

[20] R. Doc. 371, pp. 5-10.
[21] R. Doc. 373. The U.S. Sentencing Commission promulgated a series of revisions to the U.S. Sentencing Guidelines through Amendment 821, which became effective on November 1, 2023. Part A of the amendment addresses criminal history "status" points assigned under U.S.S.G. § 4A1.1, decreasing them by one point for individuals with seven or more criminal history points and eliminating them for those with six or fewer criminal history points. Subpart 1 of Part B creates a new Guideline, U.S.S.G. § 4C1.1, which provides a decrease of two offense levels for "Zero-Point Offenders" (no criminal history points) whose offense did not involve specific factors. The Commission determined that Part A and Subpart 1 of Part B of Amendment 821 should be made retroactive, permitting defendants to receive Amendment 821 sentence reductions pursuant to 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825. Section 3582(c)(2) allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." On November 15, 2023, Chief Judge Brown ordered that a "Retroactivity Screening Committee for Amendment 821" (the "821 Committee") be created "to review all cases of defendants identified as potentially eligible for a sentence reduction under 18 U.S.C. § 3582(c) based on retroactive application of Parts A and Part B, Subpart 1, of Amendment 821." *General Order in re: Retroactive Application of U.S. Sentencing Guideline Amendment 821, Parts A & B, Subpart 1* (E.D. La. Nov. 15, 2023), https://www.laed.uscourts.gov/news/general-order-concerning-amendment-821-us-sentencing-guidelines.
[22] R. Doc. 374.
[23] R. Doc. 378.
[24] R. Doc. 375, p. 1.
[25] R. Doc. 381.
[26] R. Doc. 385.

3

were docketed on August 1, 2024[27] and December 30, 2024,[28] supplementing his original motion.

In his motion, Petitioner requests a sentence reduction under 18 U.S.C. § 3582(C)(1)(A) and § 3582(c)(2).[29] Petitioner argues that his "unusually long sentence," his age of fifty-nine, and his medical conditions entitle him to a reduced sentence.[30] Specifically, Petitioner alleges he suffers from "bad dental health" and is at risk for "deterioration of an infection at the gums and roots of the mouth."[31] Petitioner alleges he has been "passing out" and suffers from "high blood pressure, losing consciousness, [and] bad hemorrhoids which he needs surgery to address."[32] In a supplemental letter to the Court, petitioner attaches records of his "request for administrative remedy" with the Bureau of Prisons in Thomson, Illinois.[33] The records reflect petitioner's request for a consult with an outside surgeon for "exploratory surgery" and a CT scan because of his belief he "might have undissolved stitches, or infections" from a hernia surgery.[34]

Petitioner also argues he is entitled to a sentence reduction under the 18 U.S.C. § 3553 factors.[35] Petitioner argues, relevant to the sentencing factor of protecting the public,[36] he is unlikely to reoffend, as "today there is a high chance that 'Louisiana Coach' known to his community as just . . . a football coach . . . at the age of 59 would think twice

---

[27] R. Doc. 387.
[28] R. Doc. 388.
[29] R. Doc. 375, p. 1.
[30] *Id.* at pp. 1-3.
[31] *Id.* at p. 3.
[32] *Id.*
[33] R. Doc. 387, p. 2.
[34] *Id.* The records also reflect Petitioner's medical provider documenting that "an MRI or CT scan is not medically necessary at this time," and that Petitioner was advised to take OTC medications for his medical issues. *Id.* at p. 4.
[35] R. Doc. 375, p. 3.
[36] 18 U.S.C. § 3553(a)(2)(C).

4

before he broke the law."[37] In a section titled "motion for 'hardtime credit,'" Petitioner points out he has served "'hard-time' due to the COVID-19 pandemic . . . [when he] was housed in a prison that that was affected by the infectious outbreak . . . . [and] placed on 23 hours lockdown for over a year."[38] He asks the Court to consider the "hardtime" credit and "award the year time credit."[39]

Finally, in his letter to the Court, filed December 30, 2024, Petitioner states "he only [has] 24 months remaining of [his] sentence and [his] case manager told [him] next time [he is denied] they'll put [him] in for a halfway house."[40] Petitioner states he is grateful for the sentence, and he "know[s] [the Court] could've sentenced [him] longer."[41]

In opposition to Petitioner's motion, the Government argues that Petitioner has failed to demonstrate extraordinary and compelling circumstances justifying a sentence reduction, and the sentencing factors listed in 18 U.S.C. § 3553(a) weigh against a reduction.[42] The Government argues Petitioner has "failed to identify a medical condition that falls within one of the categories specified" to justify extraordinary and compelling circumstances.[43]

## LEGAL STANDARD

Courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A)

---

[37] R. Doc. 375, p. 4.
[38] *Id.*
[39] *Id.* This request is **DENIED**, as the Court already denied Petitioner's request for a sentence reduction in relation to the COVID-19 pandemic. R. Doc. 371. Further, "the BOP, and not the courts, is responsible for computing sentence credit awards." *United States v. Whitner*, No. 3:17-CR-00317-L, 2020 WL 5526564, at *2 (N.D. Tex. Sept. 15, 2020) (denying a motion for "hardship credit for hardtime served").
[40] R. Doc. 388, p. 1 (sic).
[41] *Id.*
[42] R. Doc. 381.
[43] *Id.* at p. 4.

5

are met.[44] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[45] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

Generally, courts may not modify a term of imprisonment once it has been imposed, with few exceptions.[46] Two of the relevant exceptions are (1) motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and (2) motions for sentence reductions based on changes to the sentencing guidelines under 18 U.S.C. § 3582(c)(2).[47]

### I.   18 U.S.C. § 3582(c)(1)(A)

18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if "extraordinary and compelling reasons warrant such a reduction."[48]

United States Sentencing Guidelines Section 1B1.13 is a policy statement on sentence reductions under § 3582(c)(1)(A).[49] It provides that a court may grant a motion for a sentence reduction

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. §

---

[44] R. Doc. 375, p. 4.
[45] *Id.*
[46] 18 U.S.C. § 3582(c).
[47] *United States v. Lopez-Escamilla*, No. 4:14-CR-91-SDJ, 2024 WL 5159891, at *1-2 (E.D. Tex. Dec. 18, 2024) (summarizing the different types of motions for sentence reduction).
[48] *Id.* § 3582(c)(1)(A), (c)(1)(A)(i).
[49] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2024).

6

3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.[50]

Section 1B1.13(b) provide examples of extraordinary and compelling reasons to justify a sentence reduction:

(1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT.—

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), endstage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,
(ii) suffering from a serious functional or cognitive impairment, or
(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

Or, "(D)" the defendant "is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease" or public health

---

[50] *Id.* § 1B1.13(a).

emergency, the defendant is at an increased risk of suffering severe medical complications as a result, and the risk cannot be adequately mitigated.[51]

Besides medical conditions, the Court may also consider (2) the age of the defendant if the defendant is over age sixty-five, in combination with serious deterioration in health, (3) the defendant's family circumstances, (4) whether the defendant is a victim of abuse, (5) "other reasons" that are "similar in gravity" to those in paragraphs 1 through 4, or (6) whether the defendant received an "unusually long sentence," the defendant has served over ten years of the sentence, and there has been a change in the law causing a gross disparity between the sentence served and one that would presently be imposed.[52]

## II.    18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[53]

"For a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part in the framework the sentencing judge used' in imposing the sentence."[54]

---

[51] *Id.* § 1B1.13(b).
[52] *Id.*
[53] 18 U.S.C. § 3582(c)(2).
[54] *United States v. Lopez*, 989 F.3d 327, 333 (5th Cir. 2021) (quoting *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018)).

"[T]he burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion'" under either ground.[55]

## LAW AND ANALYSIS

The Petitioner included attachments to his motion for sentence reduction, including administrative remedy requests he submitted to the Bureau of Prisons, requesting compassionate release.[56] Petitioner submitted his administrative request on March 8, 2024, which was rejected on that same date.[57] There is no evidence in the record that Petitioner appealed the denial of his administrative requests, nor does Petitioner assert he appealed the denials. A defendant must "fully exhaust[] all administrative rights" by either "appeal[ing] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or showing there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."[58] "Courts have required an appeal of the warden's decision regarding compassionate release for a prisoner to have exhausted administrative remedies."[59] The Government does not raise the issue of exhaustion in its opposition.[60]

---

[55] *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)).
[56] *See generally* R. Doc. 375-1.
[57] R. Doc. 375-1, p. 3.
[58] 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Gross*, No. CR 94-157, 2024 WL 983506, at *1 (E.D. La. Mar. 7, 2024).
[59] *United States v. Ellis*, No. CR 13-286, 2020 WL 4050409, at *2 (E.D. La. July 20, 2020) (citing *United States v. Whirl*, No. 5:18-cr-17, 2020 WL 3883656, at *1-2 (S.D. Miss. July 9, 2020) (noting that a defendant may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the warden signed the response and that failure to do so is a failure to exhaust administrative remedies)); *United States v. Hooker*, No. 3:14-cr-0367, at 1 (N.D. Tex. July 8, 2020) (holding that a failure to appeal a warden's decision is a failure to exhaust administrative remedies); *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *4 (E.D. La. Aug. 7, 2020) ("[I]t is precisely because the warden denied the defendant's . . . request within 30 days after its submission that he has not exhausted his administrative remedies[; the defendant has failed to] show that he has fully exhausted his administrative rights to appeal the warden's denial of his request through the BOP's Administrative Remedy Procedure[.]").
[60] *See* R. Doc. 381.

The Fifth Circuit has recognized that § 3582(c)(1)(A)'s "requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule."[61] The Fifth Circuit has held that, because "mandatory but nonjurisdictional procedural filing requirements may be waived," the Government waives the grounds for dismissal by not raising the exhaustion requirements.[62] Accordingly, it is an abuse of discretion for a district court to raise the issue sua sponte and deny the motion for failure to exhaust.[63] The Government has confirmed that it waives this argument. The Court proceeds to address Petitioner's motion on the merits.

**I. Petitioner has not met his burden of demonstrating "extraordinary and compelling reasons" entitling him to relief under 18 U.S.C. § 3582(c)(1)(A).**

Petitioner bears the burden of establishing circumstances exist under which he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[64] Petitioner has not met his burden on any grounds.

First, the Court agrees with the Government and finds that Petitioner has failed to establish his alleged conditions of (1) bad dental health with risk of infection of the gums, (2) high blood pressure, (3) intermittent passing out, (4) hemorrhoids, and (5) recovery

---

[61] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020).
[62] *United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022).
[63] *Id.* ("Because the Government did not raise exhaustion, the district court abused its discretion in denying McLean's request for compassionate release based on his purported failure to comply with § 3582(c)(1)(A)'s exhaustion requirement."); *United States v. Gross*, No. CR 94-157, 2024 WL 983506, at *2 (E.D. La. Mar. 7, 2024).
[64] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

from hernia surgery and an alleged infection[65] qualify under either category of "medical condition" such that they constitute "extraordinary and compelling" reasons for a reduction in sentence.[66]

Under the policy statement's first category, the petitioner must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)."[67] "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), endstage organ disease, and advanced dementia."[68] Of Petitioner's alleged conditions, including unspecified dental problems that put him "at risk" of an infection, passing out, hemorrhoids, and others do not constitute terminal illnesses and are not on par with the examples of "serious and advanced illness[es]" listed in the policy statement.[69]

Under the second category of the policy statement, the defendant must suffer from a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[70] Petitioner does not allege, nor is there any evidence to show, he is unable to take care of himself due to his health conditions. And again, Petitioner does not allege, and has no evidence supporting a finding, that he is not expected to recover from his conditions. Petitioner's medical records demonstrate that he is prescribed medications and treatment for his conditions, such as hydrocortisone creams,[71] a hernia

---

[65] R. Doc. 375, p. 1; R. Doc. 387, pp. 2, 4.
[66] U.S.S.G. § 1B1.13(b)(1).
[67] *Id.* § 1B1.13(b)(1)(A).
[68] *Id.*
[69] *See, e.g.*, *United States v. Koons*, Criminal Action No. 16-214-05, 2020 WL 1940570, at *4. (W.D. La. Apr. 21, 2020) (holding generic conditions such as "hypertension" and "high cholesterol" are not on par with the terminal illnesses listed in U.S.S.G. § 1B1.13).
[70] U.S.S.G. § 1B1.13(b)(1)(A).
[71] R. Doc. 385-3, p. 2

11

belt/abdominal binder for his pain,[72] medicines such as prescription ibuprofen,[73] Duloxetine for muscle pain,[74] blood pressure and cholesterol medication,[75] and other medical treatment. The Fifth Circuit has held an individual's "conditions that are managed effectively by medication" do not constitute "extraordinary and compelling reasons warranting compassionate release."[76]

Petitioner also does not sufficiently allege—nor do his ample medical records demonstrating ongoing medical care[77] suggest—that he is suffering from "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."[78] While Petitioner argues that he "needs access to hospitals and doctors that can make a greater impact on his health recovery," Petitioner's medical records reflect that he continues to receive consistent medical care and is prescribed medications to treat his alleged conditions.[79] Petitioner's medical records, submitted in support of his belief he has an internal infection resulting from surgery, show that his medical providers are providing him with appropriate care.[80]

Second, Petitioner argues that, in addition to his alleged medical conditions, "being 59 years of age should warrant a grant of this motion pursuant to 1b1.13."[81] For age to

---

[72] R. Doc. 387, p. 5.
[73] *Id.* at p. 4, 6.
[74] R. Doc. 385-7, pp. 121-22.
[75] *Id.* at p. 3.
[76] *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021). *United States v. Thompson*, 984 F.3d 431 (5th Cir. 2021).
[77] *See* R. Docs. 385-1 through 385-8.
[78] U.S.S.G. § 1B1.13(b)(1)(C).
[79] *See generally* R. Doc. 387.
[80] R. Doc. 387, p. 4 ("An MRI/CT scan is not medically necessary at this time . . . . You were seen 7/02/24 and advised to take OTC medication. As of today, 7/18/24, you have not purchased any medication from commissary . . . . It is your responsibility to follow recommended treatment plans established for you by healthcare providers.").
[81] R. Doc. 375; § 1B1.13(b)(2).

qualify as an extraordinary and compelling reason for a sentence reduction, the policy statement requires that the defendant be at least the age of sixty-five *in combination* with severe deterioration in health.[82] Thus, petitioner does not qualify for relief under this provision due to his age. For reasons stated above, the Court also finds Petitioner is not experiencing a serious deterioration in health.[83]

Third, the Court also rejects Petitioner's arguments that he has served an "unusually long sentence" justifying reduction in his sentence and/or compassionate release. [84] The Government correctly points out that Petitioner faced mandatory minimum sentences as to two counts, Counts 1 and 7, and the Court sentenced him to the statutory minimums.[85] Petitioner admits in his December 2024 letter that "he is grateful for the sentence [the Court] gave [him]" and that he "know[s the Court] could've sentenced [him] longer."[86] Petitioner is not entitled to relief under this provision.

Finally, Petitioner does not otherwise argue that his family circumstances warrant a reduction,[87] that he was a victim of abuse, or that there are any other reasons to warrant a reduction. [88] Because Petitioner has failed to present any "extraordinary and compelling" reasons warranting a reduction in his sentence, he is not entitled to relief under § 3582(c)(1).

---

[82] § 1B1.13(b)(2).
[83] *Id*.
[84] *See* R. Doc. 375, pp. 1-2; § 1B1.13(b)(6) (allowing a Court to consider an unusually long sentence in combination with other factors, such as whether defendant has served at least 10 years of his sentence and there has been a change in the law).
[85] R. Doc. 225.
[86] R. Doc. 388, p.1.
[87] In support of his motion, Petitioner attaches several character letters from loved ones advocating for his release. *See* R. Doc. 375-2.
[88] *Id*. at § 1B1.13(b)(3)-(5).

## II. Petitioner is not entitled to relief under 18 U.S.C. § 3582(c)(2).

In his conclusion section, Petitioner requests that the Court grant his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) "in conjunction with Amendment 821, Zero-Point and Safety Valve." [89] Petitioner does not otherwise point to another "sentencing range that has subsequently been lowered by the Sentencing Commission"[90] applicable to his case that justifies a reduction in his term of imprisonment.

The Court previously denied Petitioner's request for a sentence reduction under § 3582(c)(2) upon recommendation of the 821 Committee.[91] The Court found that

> [t]he Defendant is ineligible for a sentence reduction . . . under the retroactive portions of the 821 Amendment. Although Mr. Thomas received zero criminal history points, he cannot receive the two-point offense level reduction under U.S. Sentencing Guidelines § 4C1.1 [known as the "zero-point offender adjustment" because he received an offense level adjustment under Sentencing Guidelines § 3B1.1 (aggravating role). See Sentencing Guidelines § 4C1.1(a)(10); PSR, ¶ 86. Additionally, he received the statutory minimum sentences for his offenses.[92]

The Court reiterates that Petitioner is ineligible for a sentence reduction based on Amendment 821 and the zero-point offender adjustment. Accordingly, Petitioner's request for a sentence reduction under 18 U.S.C. § 3582(c)(2) is without merit.

## III. The 18 U.S.C. § 3553 factors weigh against release.

Even if Petitioner could show extraordinary and compelling circumstances entitling him to compassionate release, or that he is eligible for a sentence reduction under § 3582(c)(2), the sentencing factors under 18 U.S.C. § 3553(a)[93] do not favor his release. Section 3553(a) requires a court to consider whether a sentence "reflect[s] the

---

[89] R. Doc. 375, p. 4.
[90] 18 U.S.C. § 3582(c)(2).
[91] R. Doc. 378.
[92] *Id.*
[93] 18 U.S.C. § 3553(a).

14

seriousness of the offense," "promote[s] respect for the rule of the law," "provide[s] just punishment for the offense," and "protect[s] the public from further crimes of the defendant," amongst other considerations.[94] Petitioner argues he "no longer wish[es] to commit any crime" and that he is a "changed man."[95] Petitioner states that it is his "first time in federal prison."[96] However, the Court recognizes that Petitioner's underlying arson conviction is a crime of violence according to the Sentencing Guidelines.[97] Petitioner also received a two-level Aggravating Role adjustment under § 3B1.1 for serving as an organizer or leader in the offense.[98] Petitioner received the statutory minimum sentence as to counts 1 and 7.[99] The Court finds that reducing Petitioner's sentence further would not promote respect for the law or protect the public.[100] Additionally, the Government points out that, in addition to analysis under the sentencing factors, Petitioner cannot show that he "is not a danger to the safety of any other person or to the community" as required by the Sentencing Guidelines policy statement.[101] Petitioner's arguments are without merit.

## CONCLUSION

**IT IS ORDERED** that the Motion for Sentence Reduction[102] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order and Reasons by regular mail addressed to Petitioner at the following address:

---

[94] *Id.*
[95] R. Doc. 375, p. 4.
[96] *Id.* at p. 3.
[97] U.S.S.G. § 4B1.2(a)(2).
[98] U.S.S.G. § 3B1.1; *see* R. Doc. 193, p. 17 (PSR).
[99] Petitioner was sentenced to 84 months as to Counts 1-6 and 8 and 60 months as to Count 9, to be served concurrently; and 120 months as to Count 7, to be served consecutively as to all other counts. R. Doc. 225. Counts 1 and 7 carried statutorily required mandatory minimums, R. Doc. 193, and the Court sentenced him to the minimums.
[100] *See* 18 U.S.C. § 3553(a).
[101] U.S.S.G. § 1B1.13(a)(2).
[102] R. Doc. 375. Petitioner's supplemental motion, construed from a letter, is also **DENIED.** R. Doc. 387.

15

Anthony R. Thomas, 32598-034
FCI Thomson Low
P. O. Box 1002
Thomson, IL 61285

**New Orleans, Louisiana, this 10th day of January, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**